UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TAMMY FRANKS, | ) | NO. SACV 15-00108 JVS (DFMx) |
| Plaintiff, | ) | **[PROPOSED] PROTECTIVE ORDER RE: DISCLOSURE OF CONFIDENTIAL PERSONNEL INVESTIGATION OF JEFFREY B. LOVE** |
| vs. | ) | |
| CITY OF SANTA ANA, | ) | |
| Defendants. | ) | Complaint Filed: January 22, 2015<br>Trial Date: May 3, 2016 |
| | ) | (*Submitted currently with Joint Stipulation*) |

Having considered the Joint Stipulation for a Protective Order re: Disclosure of Confidential Personnel Investigation of Jeffrey B. Love submitted concurrently by the parties and their attorneys of record Derek T. Anderson, attorney for the Plaintiff and Diana L. Field of Ferguson, Praet & Sherman, attorneys for the Defendant, City of Santa Ana.

**IT IS HEREBY ORDERED:**

    **1.    GOOD CAUSE: PURPOSE AND SCOPE**

On or about January 31, 2014, the City of Santa Ana received an anonymous complaint alleging various allegations of misconduct by Plaintiff. The City retained an independent third party investigator to conduct the investigation. Plaintiff was placed on administrative leave during the pendency of the investigation. The Plaintiff

has been provided a redacted copy of the Executive Summary of Mr. Love. The Plaintiff seeks disclosure of the full investigation, which Defendant does not object to, provided that a Protective Order covers the documents produced as the documents are a confidential personnel investigation and contains information confidential and privileged as to the Plaintiff and numerous third party individuals that have a right to privacy. The City has maintained and preserved the confidentiality of this investigation since it was initiated. The Stipulated Protective Order is applicable to:

1. Documents that comprise the investigation conducted by Jeffrey B. Love initiated and concluded on or about June 8, 2014.

2. Documents which will be produced by Jeffrey B. Love via subpoena regarding the investigation conducted by Jeffrey B. Love regarding Plaintiff Franks.

Documents produced under these designations, as well as information extracted therefrom, shall be referred to as "Confidential Information" and shall be subject to this Protective Order.

In the event that Plaintiff disagrees that any of the matters Defendant seeks to designate as "confidential" are indeed confidential and later challenge the "confidentiality" designation of any item, she will not be held to higher standard of burden of proof or evidence that is applicable if the challenge was initially made when the objection was initially made.

**2.     DURATION**

The confidentiality obligations imposed by this Protective Order shall remain in effect even after the termination of this litigation, and shall not be lifted without further order of this Court.

All documents (including copies forwarded to experts) subject to this order held by any party, its counsel, experts or consultants, shall be returned to counsel for their respective parties no more than sixty (60) calendar days after this litigation is concluded. The receiving party, and every other person and/or entity who received originals or copies of documents containing Confidential Information by Defendant

1  shall return all originals, and all copies of the documents, and material derived
2  therefrom, to counsel for Defendant, in care of: Diana L. Field of Ferguson, Praet &
3  Sherman, APC, 1631 E. 18th Street, Santa Ana, California, 92705 (or to a person
4  designated by said counsel). Any expense incurred in the return of said documents
5  shall be at the expense of the party seeking return of the documents. Any documents
6  containing Confidential Information which have been obtained from third parties or
7  via third party subpoena shall be destroyed or returned to the party whose privacy
8  interest is implicated.

9      The litigation is "concluded" when: (I) a final judgment has been entered by
10 the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any
11 objection to or request for reconsideration of such a judgment or dismissal has
12 expired; (iii) all available appeals have concluded or the time for such appeals has
13 expired; and (iv) any post appeal proceedings have themselves concluded.

14     **3.    DESIGNATED CONFIDENTIAL INFORMATION**

15     3.1.  Each party that designates Confidential Information for protection
16 under this Protective Order shall ensure that such designation is
17 not over-broad, and applies only to those materials, documents,
18 items, or communications (or portions thereof) for which such
19 protection is warranted.

20     3.2.  Confidential Information protected by this Protective Order must
21 be clearly designated prior to the disclosure or production of such
22 Confidential Information, and must bear the notation of
23 "Confidential". Any and all photographs or video footage
24 contained within a CD or DVD marked "Confidential" are
25 considered Confidential Information. Information and documents
26 provided on a DVD shall have the DVD marked as
27 "Confidential".

28 ///

    3.3. An inadvertent failure to designate Confidential Information does not waive the producing party's right to secure protection under this Protective Order. If the producing party discovers after production of the Confidential Information that the information is lacking the appropriate designation, the producing party must timely notify the receiving party, who shall make reasonable effort to ensure that the Confidential Information is treated in accordance with the provisions of this Order.

4. **TERMS AND CONDITIONS OF USE OF INFORMATION**

    4.1. Under no circumstances shall "Confidential Information" be used in any proceeding other than the instant case or be disseminated, in any form, except by order of this Court. "Confidential Information" must be stored and maintained by the receiving party at a location and in a secure manner that ensures that access is limited to the person authorized under this Protective Order.

    4.2. "Confidential Information" and information derived therefrom may not be disclosed in any form to anyone not covered under this protective order.

    4.3. Disclosure of Information designated "Confidential" shall be limited to the personnel and/or classification of persons listed below:

        4.3.1. any Party to this action and that Party's counsel;

        4.3.2. staff and personnel employed by counsel for any party to this action;

        4.3.3. the Court and court personnel, in connection with this litigation;

///

///

        4.3.4. during their depositions, witnesses who, from the face of the document, appear to have previously created, authored, or received it; and

        4.3.5. experts or consultants retained/consulted to work on this case by counsel for any party to this action (each such expert or consultant must agree, in writing, to be bound by the terms of this Protective Order).

        4.3.6. If Confidential Information or material are used, directly or indirectly, in any depositions taken in this matter, the original transcript of the deposition, and all copies thereof shall be stamped "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" and the portions containing the Confidential Information or material shall be sealed pursuant to Central District Local Rule 79-5.

        4.3.7. A copy of this Protective Order provided by the Defendant shall be attached as an exhibit to said deposition transcript and the court reporter shall be subject to said Protective Order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant action. Furthermore, any audio and/or video recordings of said deposition shall be subject to this Protective Order. A copy of this Protective Order shall be attached as an exhibit to said audio and/or video recordings of said deposition and the court videographer shall be subject to this Protective Order and precluded from providing the original deposition video recording or portions thereof, any copies thereof, or

|   |   |   |
|---|---|---|
| 1 |  | portions of copies thereof, to any persons or entities other than counsel of record. Any audio recording shall similarly be subject to this Protective Order and all persons shall be precluded from providing the original deposition audio recording or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the instant litigation. |
| 8 | 4.3.8. | Additionally, anyone other than the following persons shall be precluded from attending any deposition whereat any Confidential Information or confidential material therein are used: the receiving party, the disclosing party or its representative, any parties' counsel, the court reporter, the court videographer, if any, and any of the named parties in this action. Those attending any depositions using Confidential Information or materials shall not disclose to any person or entity not otherwise entitled to the Confidential Information, in any manner, including orally, any statements made by the deponents during the course of said depositions and any such disclosure shall be construed as a violation of this Protective Order. |
| 21 | 4.4. | "Confidential Information" that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. Counsel intending to use "Confidential Information" must submit unredacted documents containing such Information under seal. Except as set forth in paragraph 4.4.1., counsel for any party to this action shall advise those individuals to whom disclosure of |

"Confidential Information" is to be made of the contents of this Protective Order, and such counsel shall obtain the consent of such individual that he or she will be bound by this Protective Order, prior to disclosure of such Information. In the event such individual does not consent to be bound by this Protective Order, no disclosure of "Confidential Information" shall be made to that individual.

  4.4.1. The foregoing provision shall not apply to the disclosure of "Confidential Information" to the Court or the Court's staff.

 4.5 Any counsel, expert, consultant or investigator retained by counsel for any party to this case shall not refer to "Confidential Information" in any other court proceeding without further order of this Court.

 4.6. The parties shall make good faith efforts to consent to the use of "Confidential Information," and shall meet and confer to discuss redactions of particularly sensitive information before making use thereof.

 4.7. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

5. **CHALLENGES TO DESIGNATIONS**

 5.1. Should a party challenge the designation of "Confidential Information," that party must do so in good faith, and shall confer directly with counsel for the producing party.

 5.2. If the parties are unable to resolve the designation informally, the party challenging the designation may file and serve a motion under Civil Local Rules 37-1 and 37-2, including the Joint Stipulation requirement (and in compliance with Civil Local Rule 79-5, if applicable), identifying the basis for the challenge. The

burden of persuasion in any such challenge proceeding shall be on the party designating "Confidential Information." The designation of the challenged information shall remain unchanged until the Court rules on the challenge.

6. **UNAUTHORIZED DISCLOSURE**

   6.1. If a receiving party learns that it has disclosed "Confidential Information" to any person or entity not authorized to receive such information pursuant to this Protective Order, the receiving party shall immediately (a) notify the producing party of the unauthorized disclosure, including identification of the person or entity to whom such unauthorized disclosure was made, (b) retrieve all copies of the "Confidential Information" from the unauthorized recipient, (c) inform the unauthorized recipient of the terms of this Protective Order and request that they agree, in writing, to be bound hereto. Should the Court determine that the receiving party intentionally disclosed "Confidential Information" to an unauthorized party, the Court may consider the imposition of sanctions, including but not limited to monetary sanctions and/or issue preclusion.

   6.2. Under no circumstances shall the receiving party file in the public record any "Confidential Information" without written permission from the producing party or an Order of this Court, and only upon timely written notice to all interested parties. The parties shall make good faith efforts to consent to the use of "Confidential Information" and shall meet and confer to discuss redactions of particularly sensitive information.

7. **RIGHT TO ASSERT OBJECTIONS**

    7.1. By the entry of this Protective Order, the parties are not waiving any rights that they might otherwise have to objecting to disclosure or production of information on any ground not addressed herein.  The parties do not waive any right to object to the use in evidence of the material covered by this Protective Order.

  This Order may not be modified unless by written consent of the parties or approval of the Court.  This Order shall survive the termination of this action, and the Court retains jurisdiction to resolve any dispute concerning the disclosure or use of the Confidential Information and material disclosed pursuant to this Order.

**IT IS SO ORDERED.**

Dated: December 22, 2015   By: _____
                Honorable Douglas F. McCormick
                U.S. Magistrate Judge